**In re WINNER.**

No. 32754.

District Court, E. D. New York.

Sept. 21, 1937.

Nathan Schwartz, of New York City, for trustee.

White & Case, of New York City, for Hudson & Terraplane Sales Corporation.

BYERS, District Judge.

Motion for an order to dismiss the petition to review filed by the Hudson & Terraplane Sales Corporation and for an order confirming the referee's order directing turnover.

The referee has directed the Hudson & Terraplane Sales Corporation to turn over forthwith to the trustee in bankruptcy herein a 1937 model Hudson automobile bearing license number Y2909.

The facts are not in dispute; namely, that the bankrupt was in the employ of the said corporation from the month of January, 1937, until the filing of his petition herein, which apparently took place about June 1st.

His duties were to promote the sale in Kings County of Hudson automobiles and, in that calling, he came into possession of the car in question. It is necessary to decide whether he was the owner of the car, for, if he was, the order of the referee was correct.

The evidence discloses that this car was covered by car invoice No. 9643 of the Hudson & Terraplane Sales Corp., Detroit, Michigan, which is in evidence, covering:

Car No. 734177, motor No. 94246,

| "No. 73 Sedan EGJZOT | $689.26 |
| Option P O | 7.00 |
| " T | 15.75 |
| Freight | 39.33 |
| | $751.34 |
| Added Accessories | |
| Option R | 5.00 |
| Radiator Grill Guard | 1.35 |
| | $757.69 |

"Charge to Mr. John J. Winner
(Wholesale Traveler)
"310 W. 68th St., New York City
"Date March 6, 1937."

On the same date the bankrupt executed and delivered to his employer a promissory note payable to its order for the latter amount at Detroit, which contains the folowing:

"For value received. Each and every party to this instrument, either as maker, endorser or otherwise, hereby waives presentment for payment, demand, notice of dishonor, protest and notice of protest thereof. Hudson Sedan Ser. #734177 Mot. #94246."

The transaction thus evidenced, together with the delivery of the car to the bankrupt, would seem to constitute a sale of goods within section 82 of the Personal Property Law of the State of New York (Consol.Laws N.Y. c. 41).

It is sought to be avoided by the employer on the theory that a sale of the automobile was not intended by either party, and that the forms employed were for convenience only, and that, in fact, title to the automobile did not pass from the employer to the bankrupt.

The testimony shows that the car was registered in the individual name of the bankrupt, and the certificate of registration was issued to him, while all maintenance costs such as gasoline, oil and insurance other than collision, were paid for by the employer.

As to those items, it is clear that whether the company or the individual paid them, is not controlling on the question of transition of title.

The sale which the documents tend to establish can be negatived only by direct testimony that it was the mutual intention of the parties that title to the chattel

should not pass to the bankrupt. The latter said as a witness:

"Q. Did they say they would give you this car? A. They would assign the car to be used in my official work.

"Q. What was to be done with that car when your employment terminated? A. To be returned to the company."

The New York zone manager of the employer testified as follows, after stating that the company furnished automobiles to certain representatives:

"Q. Was anything said as to where the ownership was to lie? A. Yes. The car was furnished Mr. Winner for his duties as our representative and we covered with him the fact that we would take care of the buying of the license for the car and paying of all insurance except collision and that we would pay for all maintenance on the automobile with the exception of collision damage."

The balance of this witness' testimony explains why it was deemed advisable to have such cars licensed in the names of the employees, i. e., Company registration would be shown by a dealer's license; competitors would thereby learn of the reason for the presence of a car so identified at a given place. The reason sounds specious but that is beside the point.

■ The testimony quoted is deemed sufficient to explain in part why an arrangement might have been entered into whereby the title to the chattel was reserved to the employing company; it is not deemed sufficient, however, to establish that such a result was accomplished in the legal sense. There is no clear and convincing evidence that the transfer of title from the employer to the bankrupt, clearly shown in the documents, was either avoided at its inception or made the subject of a secondary transaction whereby the title was revested in the employer after it had once been conveyed to the employee.

The mental operations of the parties are asserted to have been at precise and complete variance with their conduct. If that is so, it ought to have been possible to establish, by something more than has been shown, just what their processes were and how, where and upon what tangible basis they met.

For the foregoing reasons, it is thought that the conclusion of the referee was proper under the evidence, and that the motion to dismiss the petition to review must be granted and the referee's order affirmed.

Settle order.